IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Cass Franklin Smith, | ) C/A: 9:13-1987-RBH-BM |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Sheriff Steve Mueller; Major Robert Padgett; | ) |
| Captain Steven Anderson; Christy Quinn, | ) |
| *Account Officer*; Marice Queen, *Account* | ) |
| *Officer*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Cass Franklin Smith, is a local prisoner in the Cherokee County Detention Center in Gaffney, South Carolina, who is proceeding pro se and in forma pauperis. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The in forma pauperis statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(I), (ii) and (iii). Additionally, although, as a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers; see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. Weller v. Dept. of Social Services, 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.



**DISCUSSION**

Plaintiff's Complaint alleges that the Defendants are "not releasing money in the account I have at the jail," and asks this Court to "make Cherokee County Jail turn over my money to my family and make out a check or debit card to (Sheila Murray) bottom line." Complaint, ECF No. 1, p. 2, 5. Plaintiff alleges that the Defendants "have told my family it was too much money to be release my account does not have a hold of it I need my money for Family issues." Complaint, ECF No. 1, p. 3.

Liberally construed, Plaintiff's Complaint asserts a claim pursuant to 42 U.S.C. § 1983[1] that the Defendants have violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment by failing to provide Plaintiff with access to his personal property, i.e., the money in his account at the Detention Center. The law is clear that individuals have a property interest in their own money. See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 571-72 (1972). However, it is also well settled that the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of property. See Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir.1995). Thus, to the extent that Plaintiff is complaining of negligent conduct by the Defendants, he has failed to set forth a viable claim under § 1983. See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 200-03 (1989)

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).



["[t]he Due Process Clause of the Fourteenth Amendment ... does not transform every tort committed by a state actor into a constitutional violation"].

Further, even an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Mora v. City of Gaithersburg, MD, 519 F.3d 216, 230-31 (4th Cir. 2008) [concerning the intentional taking of guns and ammunition from the plaintiff]; Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005) [finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals].  Plaintiff has a meaningful remedy under South Carolina law to obtain relief for the Defendants' alleged unlawful withholding of his personal property.  He can bring an action in state court pursuant to the South Carolina Tort Claims Act, S.C. Code § 15-78-10 et seq.  See Mora, 519 F.3d at 231 [the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate]; see also Hudson v. Palmer, 468 U.S. at 530-536 (1984) [holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy]; Plumer v. State of Maryland, 915 F.2d 927, 930-31 (4th Cir. 1990) [where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process]; Yates v. Jamison, 782 F.2d 1182, 1183-184 (4th Cir. 1986) [holding that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of



3

personal property even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state].[2]

To the extent that Plaintiff's is instead contending that the Defendants are authorized to hold and distribute his money as they are doing, then to state a federal constitutional claim he must show that by their decisions he is somehow being "punished" by the Defendants by their alleged authorized withholding of his access to all of his money. Such claims by pretrial detainees are examined under the Due Process Clause of the Fourteenth Amendment, as opposed to the cruel and unusual punishment prohibition of the Eighth Amendment, which applies to convicted inmates. See Bell v. Wolfish, 441 U.S. 520, 535-38 (1979). The Fourteenth Amendment proscribes punishment of a detainee prior to an adjudication of guilt, without due process of law. Id. "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense;" Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir.1992) (citing Bell); "[a]nd the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" Bell, 441 U.S. at 537.

No claim of "punishment", even liberally construed, is contained in Plaintiff allegations. Plaintiff does not even allege that he has been deprived of access to, and use of, the money in his account. In fact, he alleges that "there is no hold on my money and no freeze on my money I order canteen every week 100.00 a week." Complaint, ECF No. 1-1, p. 1. Rather, Plaintiff

---

[2] Yates has been partially overruled for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" Plumer v. Maryland, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990); see also Zinermon v. Burch, 494 U.S. 113 (1990). However, the holding in Yates is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.



speculates that "the Jail will not release the money because it is drawing big interest." Id.  This speculatory statement does not refer to Plaintiff's conditions of confinement at the jail, or give rise to any inference of unlawful "punishment" of Plaintiff as a pre-trial detainee.  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)[Plaintiff must articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief.]; Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006)[The court "need not . . . accept as true unwarranted inferences, unreasonable conclusions, or arguments."].  Therefore, while Plaintiff may have some state law or administrative avenue under to which he can pursue relief, Plaintiff's Complaint fails to state a federal substantive or procedural due process claim that he is being "punished" in this regard by any authorized action by the Defendants.  Cf. Smith v. Corrections Corporation of America, No. 05-92, 2006 WL 2794336, at * 3 (N.D.Miss. Mar. 13, 2006) [Report and Recommendation].

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process.  Plaintiff's attention is directed to the important notice on the next page.

August 22, 2013  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

6

